**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**LEWIS T. BABCOCK, JUDGE**

Civil Action No. 07-cv-01741-LTB

TESS PETERSON,

      Plaintiff,

v.

PRINCIPAL FINANCIAL GROUP, TARGET CORPORATION,
TARGET CORPORATION BENEFITS TRUST II,
and STATE STREET BANK AND TRUST,
TRUSTEE FOR THE TARGET CORPORATION BENEFITS TRUST II,

      Defendants.

_____

**ORDER**
_____

This disability benefits case is before me on Plaintiff, Tess Peterson's, Motion to Remand

[**Docket # 8**], Defendants, Principal Financial Group, Target Corporation, Target Corporation

Benefits Trust II, and State Street Bank and Trust's (collectively "Target"), Response [**Docket #

14**], and Plaintiff's Reply [**Docket # 15**].  Oral arguments would not materially assist the

determination of this motion.  After consideration of the motion, pleadings, and the case file, and

for the reasons stated below, I DENY Plaintiff's motion [**Docket # 8**].

**I.  BACKGROUND**

Plaintiff originally filed her complaint in Denver County District Court on July 13, 2007,

claiming breach of contract, bad faith breach of insurance contract, anticipatory breach by

repudiation, and violation of the Colorado Consumer Protection Act; and seeking declaratory

relief and damages arising out of Target's failure to pay certain benefits arising out of a disability

insurance program.  Target filed a notice of removal on August 17, 2007, invoking federal

question jurisdiction under the Employee Retirement Income Security Act ("ERISA").  *See* 29

U.S.C. § 1132(e)(1).  Plaintiff now requests I remand this case to the Denver County District

Court because (1) the benefits plan in question is exempted from ERISA by the "safe harbor"

provision of 29 C.F.R. § 2510.3-1(j); and (2) even if the benefits plan is not exempted from

ERISA, the amount in controversy does not exceed $75,000.00.

Plaintiff's second contention ignores the clear language of the ERISA statute: "The district

courts of the United States shall have jurisdiction, without respect to the amount in controversy

or the citizenship of the parties, to grant the relief provided for."  29 U.S.C. § 1132(f).  I address

Plaintiff's first contention below.

## II.  "SAFE HARBOR" UNDER 29 C.F.R. § 2510.3-1(j)

The disability benefit plan in question here is a self-funded health benefits plan paid for

entirely by the collection of premiums from Target's employees.  A self-funded health benefits

plan generally qualifies as an employee welfare benefit plan under ERISA.  *See, e.g., Regency*

*Hosp. Co. of S. Atlanta, L.L.C. v. United Healthcare of Ga., Inc.*, 403 F. Supp. 2d 1221 (N.D.

Ga. 2005); *Longoria v. Cearley*, 796 F. Supp. 997 (W.D. Tex. 1992).

Plaintiff argues the benefit plan is exempted from ERISA preemption by 29 C.F.R. §

2510.3-1(j) (the "safe harbor provision"):

> For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit
> plan" and "welfare plan" shall not include a group or group-type insurance program
> offered by an insurer to employees or members of an employee organization, under which
>> (1) No contributions are made by an employer or employee organization;
>> (2) Participation the program is completely voluntary for employees or members;
>> (3) The sole functions of the employer or employee organization with respect to
>> the program are, without endorsing the program, to permit the insurer to publicize
>> the program to employees or members, to collect premiums through payroll
>> deductions or dues checkoffs and to remit them to the insurer; and

> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

Target, relying on the language "by an insurer," responds that the 29 C.F.R. § 2510.3-1(j) exemption does not apply to this plan because—by its own terms—the safe harbor provision does not apply to self-funded benefits plans.

While courts have held that a self-funded benefit plan fails the first prong of the safe harbor test when the employer contributes to the plan, *see, e.g., Campbell v. Chevron Phillips Chem. Co., L.P.*, No. 1:05-CV-0273, 2006 WL 2380896, at \*8 (E.D. Tex. August 15, 2006) (holding a plan self-funded by employer and employee contributions exempt from the safe harbor provision); *Walker v. Rose*, 22 F. Supp. 2d 343, 349 (D.N.J. 1998) (holding an employer-funded plan exempt from the safe harbor provision), the precise question raised by Target here—whether a self-funded plan paid for without any employer contributions qualifies for the safe harbor exemption—appears to be an issue of first impression.

When interpreting a statute, I first examine the statutory language itself; if unambiguous statutory language is not defined, I give the language its common meaning, provided that result is not absurd or contrary to the legislative purpose. *Dalton v. I.R.S.*, 77 F.3d 1297, 1299 (10th Cir. 1996). When Congress uses a technical term, it is presumed that it intended that term to have the same meaning in each section or subsection, especially where Congress has specifically defined the term. *Sierra Club v. Seaboard Firearms Inc.*, 387 F.3d 1167, 1175 (10th Cir. 2004). The same principles apply when construing administrative regulations. *Am. Fed. of State, County, and Mun. Employees v. Am. Int'l Group, Inc.*, 462 F.3d 121, 125 (2d Cir. 2006); *Roberto v. Dep't of*

*the Navy*, 440 F.3d 1341, 1350 (Fed. Cir. 2006); *Rucker v. Wabash R.R. Co.*, 418 F.2d 146, 149 (7th Cir. 1969).  To determine the meaning of ambiguous language in an administrative regulation, I look for clues elsewhere in related regulations and the authorizing statute.  *See Time Warner Entm't Co., L.P. v. Everest Midwest Licensee, L.L.C.*, 381 F.3d 1039, 1050 (10th Cir. 2004); *United States v. Brown*, 348 F.3d 1200, 1209–10 (10th Cir. 2003).

The term "insurer" is not defined in the relevant regulation or in ERISA's general provisions.  However, "insurer" is defined in ERISA's regulatory provisions as "an insurance company, insurance service, or insurance organization, qualified to do business in a State."  29 U.S.C. § 1101(b)(2)(A).  Further, under a different section of ERISA, Congress states that "neither an employee benefit plan . . . nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer."  29 U.S.C. § 1144(b)(2)(B) (defining the scope of the deemer clause allowing states to regulate the business of insurance without ERISA preemption).  Applying the interpretive maxims above, I conclude that the term "insurer," as used in 29 C.F.R. § 2510.3-1(j), should be given the meaning Congress gave it in 29 U.S.C. §§ 1101(b)(2)(A) and 1144(b)(2)(B).

### III.  CONCLUSION

The burden is on Plaintiff to allege facts that bring her benefits plan within the scope of the safe harbor provision.  *BC Servs., Inc. v. Wade*, 311 F. Supp. 2d 1045, 1047 (D. Colo. 2004).  Plaintiff has alleged no facts that demonstrate Target is an insurance company, insurance service, or insurance organization.

Accordingly, I ORDER that Plaintiff's August 22, 2007, Motion to Remand [**Docket # 8**] is

DENIED.


Dated: September ___20___, 2007.

BY THE COURT:


   s/Lewis T. Babcock           

Lewis T. Babcock, Judge