**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-01741-LTB-CBS

TESS PETERSON,

    Plaintiff,

v.

PRINCIPAL FINANCIAL GROUP,
TARGET CORPORATION,
TARGET CORPORATION BENEFITS TRUST II,
and STATE STREET BANK AND TRUST, TRUSTEE FOR THE
TARGET CORPORATION BENEFITS TRUST II

    Defendants.

---

## PROTECTIVE ORDER

---

The above-entitled matter came on before the undersigned Court pursuant to the Stipulation of Plaintiff Tess Peterson and Defendants Principal Financial Group, Target Corporation, Target Corporation Benefits Trust II, and State Street Bank and Trust for a Protective Order. Based on the parties' Stipulation, the Court hereby enters the following Protective Order:

Unless otherwise set forth, this Protective Order shall apply to all documents, materials, items, and/or information produced in response to the Order by Magistrate Judge Shaffer dated January 23, 2008 [Dkt. 33].

All Confidential Information (as defined in Paragraph 4 of this Order) produced or exchanged in the course of this action shall be used solely for the purpose of conducting the

above-captioned litigation. Confidential Information may not be used for any other purpose, except as expressly provided herein or by further order of the Court.

Unless otherwise set forth, "Confidential Information" as used in this Protective Order means all documents and all other information which has been produced in response to the Order by Magistrate Judge Shaffer.

Under no circumstances, other than those specifically provided for in this or subsequent orders, shall Confidential Information be disclosed to persons other than the following:

a. Officers and employees for the parties who are working directly on this matter and have a need to know, as long as these individuals have first read this Protective Order and have agreed to abide by its terms;

b. Counsel for the parties who are working directly on this matter and who have a need to know, including persons working solely in secretarial, clerical, and/or paralegal capacities, and who are providing assistance to counsel in this action;

c. Any person who was an author or recipient of any particular document, provided, however, that before any such person receives any documents or information, he or she must read a copy of this Stipulated Protective Order and agree to abide by the same;

d. The Court and its personnel; and

e. Other persons only upon order of the Court, or upon stipulation of the parties.

Any pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, or other papers filed with the Court that contain any "Confidential" material shall be marked:

"**CONTAINS CONFIDENTIAL INFORMATION.**" These papers shall remain Confidential Information subject to the terms of this Stipulated Protective Order and shall not be disclosed to anyone except as set forth in paragraph 5 of this Stipulated Protective Order. To the extent a party's papers reference or discuss the Confidential Information of another party or non-party, the filing of such papers shall not be deemed an admission that the claimed Confidential Information contains trade secrets or other information protected by this Protective Order.

This Protective Order shall apply with equal force to any and all copies, notes, summaries, or other compilations and oral recitation of "Confidential" material.

Documents and other information produced in response to the Court Order by Magistrate Judge Shaffer dated January 23, 2008 shall remain confidential under the terms of this Stipulation unless and until the parties agree to the deletion of the designation or upon order of the Court.

Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure or unauthorized use of any Confidential Information.

All counsel for the parties who have access to information or material designated as "Confidential" under this Protective Order acknowledge that they are bound by this Protective Order.

Entering into, agreeing to, and/or producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order shall not:

    a.    operate as an admission by any party that any particular information or material designated as "Confidential" contains or reflects trade secrets,

proprietary or commercially sensitive information or financial information, or any other type of confidential information;

b. operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential";

c. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery;

d. prejudice in any way the rights of any party to object to the authenticity and/or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

e. prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

f. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

g. prevent the parties to this Protective Order from agreeing in writing or on the record during a hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information, or

material designated as "Confidential" obtained lawfully by such party independently of any proceedings in this action, or which:

    a.    was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

    b.    is or becomes publicly known through no fault or act of such party; or

    c.    is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

The inadvertent or unintentional production of documents, materials, testimony, or information containing, or other disclosure of, confidential, proprietary, or trade secret information without being designated as Confidential Information at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or production shall be corrected within ten (10) business days of the designating party becoming aware of the error. A party may at any time object to or challenge another party's (or non-party's) new designation, re-designation, or removal from designation of particular documents, materials, testimony, or information by applying to the Court for appropriate relief. In connection with any such application for relief, the party seeking to make or change the designation shall bear the burden of showing that the designation or change is appropriate.

The terms of this Protective Order shall apply to all manners and means of discovery, exchange, or disclosure of information, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

Unless otherwise set forth, it is the present intention of the parties that the provisions of this Protective Order shall govern all proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other party hereto for good cause.

The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

The provisions of this Protective Order shall, absent written permission of the other parties or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received Confidential Information shall destroy such material and all copies thereof (including summaries and excerpts), and shall certify to counsel for the producing party, by way of sworn declaration, that such materials have been so destroyed. A party's counsel shall be entitled to retain (i) copies of any pleadings and discovery requests and responses, (ii) transcripts of any hearings or trial (excluding any exhibits designated as "Confidential," (iii) transcripts of depositions, and (iv) attorney work product. A party's counsel shall be entitled to retain the foregoing provided that such counsel, and employees of

such counsel, shall not disclose any such Confidential Information contained in such papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material.

If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking Confidential Information or material which was produced or designated as "Confidential" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within five (5) days of receipt of such subpoena, demand, or legal process, to those who produced the Confidential Information and shall object to its production to the extent permitted by law. Should the person seeking access to the Confidential Information take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand, or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

The parties hereto agree that failure to abide by the terms of this Protective Order will result in irreparable harm. Accordingly, the parties hereto agree that an aggrieved party is entitled to and may seek specific performance, injunctive, and other equitable relief as a remedy for any breach of this Protective Order, including but not limited to temporary restraining orders, preliminary injunctions, and permanent injunctions.

Any person receiving Confidential Information under the terms of this Protective Order shall be subject to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violations of this Protective Order.

DATED at Denver, Colorado, this 1st day of April, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

| KAYE & BUSH, LLC | FAEGRE & BENSON LLP |
|---|---|
| *s/ Bruce J. Kaye* | *s/ Dirk W. de Roos* |
| Bruce J. Kaye, Esq. | Dirk W. de Roos |
| Mari C. Bush, Esq. | 3200 Wells Fargo Center |
| 2300 15th Street, Suite 200 | 1700 Lincoln Street |
| Denver, Colorado 80202 | Denver, Colorado 80203-4532 |
| Telephone: (303) 477-8787 | Telephone: (303) 607-3500 |
| Facsimile: (303) 477-8686 | Facsimile: (303) 607-3600 |
| E-Mail: bruce@kayebushlaw.com | E-Mail: dderoos@faegre.com |
| Attorneys for Plaintiff Tess Peterson | Attorneys for Defendants Principal Financial Group, Target Corporation, Target Corporation Benefits Trust II, and State Street Bank and Trust, Trustee for the Target Corporation Benefits Trust II |

# **EXHIBIT A TO PROTECTIVE ORDER**

I, _____*(Name)*_____, being duly sworn, states:

1. I am _____*(Employer and Title)*.

2. I have read the Stipulated Protective Order governing Confidential Information entered in the matter of *Peterson v. Principal Financial Group et al*.

3. I am familiar with, understand, and agree to comply with and be bound by, the terms of this Stipulated Protective Order.

4. I will not disclose to persons other than those specifically authorized by said Order, and will not copy or use except for the purposes of this litigation, any information obtained pursuant to said Order. I also understand that such "Confidential" materials shall be returned or destroyed in the manner provided in paragraph 21 of the Protective Order.

          *(Signature of Person Undertaking Confidentiality)*
          (Name of Person Undertaking Confidentiality)

SWORN TO BEFORE ME and subscribed in my presence this ____ day of

_____, 2008.

_____
Signature